# In the United States District Court
## Southern District of Ohio
### Columbus, Ohio

W Scott Hayes, Trustee of the
Christopher Allen Hoskinson
Irrevocable Special Needs Trust
for Supplemental Services
195 E. Broad Street
Pataskala, Ohio 43062

        Plaintiff,

v.

United States Department of Treasury
Internal Revenue Service
I.C.O. United States District Attorney's Office
303 Marconi Blvd #200
Columbus, Ohio 43062

Ohio Department of Medicaid
Medicaid Estate Recovery Program
50 West Town Street – STE 400
Columbus, Ohio 43215

        Defendant.

Case No.

Judge:

**COMPLAINT**

    Now comes Plaintiff, by and through undersigned counsel, and for its Complaint, states the following:

1. Plaintiff, the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services was entered into by Nanette Hoskinson on September 5, 2001 for the benefit of Christopher Allen Hoskinson, an incompetent adult.

2. As a "Special Needs Trust", the corpus of the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services was not considered a personal "asset" of Christopher Allen Hoskinson for purposes of Medicaid eligibility.

3. Nanette Hoskinson was appointed by the Licking County, Ohio Probate Court to serve as the initial Trustee of The Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services and Nanette Hoskinson served in that capacity until her death on January 15, 2004.

4. Wade E. Harrison was appointed Successor Trustee to the Christopher Allen Hoskinson Irrevocable Special Needs Trust by the Licking County Ohio Probate Court on October 29, 2004 and Wade E. Harrison so served up and until he filed a bizarre resignation letter with the Licking County Ohio Probate Court on September 15, 2011 which resulted in a subsequent Court investigation into Mr. Harrison's activities as Trustee and a, ultimately a finding of contempt for Mr. Harrison's violation of his fiduciary duties.

5. Troy Reed, Esq. was appointed Successor Trustee to the Christopher Allen Hoskinson Irrevocable Special Needs Trust by the Licking County Ohio Probate Court on October 25, 2011 and so served until November 7, 2014.

6. The Plaintiff, W. Scott Hayes was appointed successor Trustee of the Special Needs Trust of Christopher Allen Hoskinson by the Licking County Probate Court on November 18, 2014 and continues to so serve presently.

7. Christopher Allen Hoskinson passed away on January 30, 2021.

8. At the time of his death, the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services had assets totaling one hundred nine thousand, eight

hundred and sixty-eight dollars, and seventy-one cents ($109,868.71) which is currently being held in an investment account with Merrill Lynch.

9. The Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services provides:

ITEM III. TERMINATION

After the Death of the Beneficiary. Upon the death of the Beneficiary, all principal and accumulated income remaining in the trust at the death of the Beneficiary shall be paid as follows:

A. The Trustee shall first pay any final costs and expenses of the administration of the trust.
B. The Trustee next shall distribute the minimum amount of remaining principal that under applicable law must be distributed to the state or states of the United States in respect of the amount of the total of medical assistance paid on behalf of the Beneficiary by such state or states under any state plan established under Title 42 of the United States Code in order to qualify this Trust for exemption pursuant to §1396p(d)(4)(A) of such title.
C. Any principal and accumulated income remaining after payment to the State of Ohio shall be distributed pursuant to the Ohio statutes of Descent and Distribution then in effect as applied to the Beneficiary.

10. Upon information and belief, Christopher Allen Hoskinson received Medicaid benefits for over three decades prior to his death.
11. Pursuant to the Omnibus Budget Reconciliation Act of 1993, the State of Ohio is required to pursue Medicaid estate recovery on behalf of the United States of America and may have an interest in the assets of the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services.
12. After the death of Christopher Allen Hoskinson, Trustee, W. Scott Hayes became aware of "Notice CP71A" which was caused to be delivered to Christopher Allen Hoskinson at his residential nursing facility by the Department of the Treasury, Internal Revenue shortly before his passing (Hereinafter: "Notice").
13. The aforementioned IRS Notice alleges Christopher Allen Hoskinson owes the U.S. Department of Treasury a total of $18,530.15 for tax year 2007.

14. Christopher Allen Hoskinson was never gainfully employed during his adult life and, inasmuch as Trustee, W. Scott Hayes, has only been the fiduciary of the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services since 2014 and, inasmuch as the tax year in question was during the term Trustee, Wade Harrison, it is possible the alleged tax obligation alleged by the Internal Revenue Service is that of the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services rather than Christopher Allen Hoskinson, individually.

15. In the event the Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services has an outstanding tax liability, that liability, pursuant to the language set out in Paragraph 9 above, should be paid by the Trust as an expense of the Trust prior to paying the State of Ohio for any Medicaid Estate Recovery.

16. Trustee, W. Scott Hayes, has made multiple attempts to clarify the claims of the Internal Revenue Service with no response from the Internal Revenue Service.

17. In order to properly terminate the trust and distribute its remaining assets, Trustee, W. Scott Hayes, files this Complaint for declaratory relief and requests this Court to Order Defendant, the Internal Revenue Service, to set forth their respective rights and interests, if any, in the assets of Christopher Allen Hoskinson Irrevocable Special Needs Trust for Supplemental Services.

18. While the general rule is that United States District Courts lack Declaratory Judgment jurisdiction over federal tax questions under 28 USC § 2201, various courts have held that this statutory prohibition does not apply to cases where a party's tax liability was not directly in dispute and where there was no adequate remedy at law and where a judgment would not have the effect of restraining assessment or collection of taxes.

19. Plaintiff is not disputing any alleged tax liability, Plaintiff simply seeks clarification as to whether the liability is that of the Christopher Allen Hoskinson Irrevocable Special Needs Trust or that of the late Christopher Allen Hoskinson, individually.

20. Plaintiff has no other adequate remedy at law to resolve the uncertainties presented and terminate the trust.

21. Plaintiff's action does not restrain the assessment or collection of taxes but, instead, potentially promotes assessment and collection.

**WHEREFORE**, the Plaintiff demands the Court Order Defendant, Department of the Treasury, Internal Revenue Service, to set forth its respective rights and interests to the remaining assets of the Christopher Allen Hoskinson Irrevocable Special Needs Trust, if any, and to enter Declaratory Judgment accordingly.

                                              Respectfully Submitted,

                                          _/S/ C. Daniel Hayes_ _____
                                          C. Daniel Hayes (0073620)
                                          Hayes Law Offices, Inc., LPA
                                          Attorney for Plaintiff
                                          195 E. Broad St.
                                          P.O. BOX 958
                                          Pataskala, Ohio 43062
                                          740-927-2927